## IN THE COURT OF APPEALS OF IOWA

No. 17-0393
Filed June 7, 2017

**IN THE INTEREST OF M.S., S.P., and W.P., JR.,**
**Minor Children,**

**J.B., Father of M.S.,**
        Appellant,

**W.P. Sr., Father of S.P. and W.P. Jr.,**
        Appellant.
_____

        Appeal from the Iowa District Court for Wapello County, William S. Owens,

Associate Juvenile Judge.


        Two fathers appeal the termination of their parental rights to their

respective children. **AFFIRMED ON BOTH APPEALS.**


        Joseph P. Goedken of Orsborn, Milani, Mitchell & Goedken, L.L.P.,

Ottumwa, for appellant father J.B.

        Robert F. Bozwell, Jr. of Bozwell Law Office, Centerville, for appellant

father W.P. Sr.

        Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney

General, for appellee State.

        Samuel K. Erhardt of Erhardt & Erhardt, Ottumwa, guardian ad litem for

minor children.

        Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, Presiding Judge.**

J.B., the father of M.S., born 2011, and W.P. Sr., the father of S.P., born 2007 and W.P. Jr., born 2005, separately appeal the termination of their parental rights to their children. The district court found clear and convincing evidence to terminate both father's rights, no impediments to termination existed, and termination was in the children's best interests.[1] On our de novo review, *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014), we affirm.

J.B.'s parental rights were terminated under Iowa Code section 232.116(1)(b) (2016), which allows for termination if there is clear and convincing evidence that the child has been abandoned or deserted. J.B. claims he was only on notice of the juvenile court proceedings eleven months before his rights were terminated. However, he was aware of M.S.'s birth and did not see the child until the child was more than three years old. Since then, J.B. has seen the child on three occasions. When he was informed of the pending court action, he was encouraged to participate in visits, yet he made no effort to travel from his home in Michigan to tend to the child. On appeal, he simply claims he did not have the resources to do so.

The district court found J.B.'s lack of action critical, determining he "fail[ed] to engage in any efforts to maintain a relationship or support [M.S.] throughout the five years of [the child's] life." The Iowa Department of Human Services (DHS) worker testified she discussed services that J.B. could participate in, including substance abuse treatment. J.B. declined the offer, denying he needed

---

[1] The parental rights of the mother of all three children were also terminated; she does not appeal.

any such services. Yet, he was not honest with the DHS worker, as he was admitted to inpatient-substance-abuse treatment during the pendency of the juvenile court action. He also failed to participate in visits that would have been provided in conjunction with the guardian ad litem. His claim on appeal of a lack of services offered rings hollow when he was not honest with the DHS worker, did not avail himself of visits with M.S., and did not request any other specific services. *See In re C.H.*, 652 N.W.2d 144, 147–48 (Iowa 2002) (finding reasonable services had been provided where parent refused treatment offered); *see also In re L.M.W.*, 518 N.W.2d 804, 807 (Iowa Ct. App. 1994) ("[T]he parents have a responsibility to demand services prior to the termination hearing."). We affirm the finding under section 232.116(1)(b). The district court also found it was in M.S.'s best interests for J.B.'s parental rights to be terminated and there were no impediments to termination. *See* Iowa Code § 232.116(2), (3). We agree and affirm the termination of J.B.'s parental rights to M.S.

W.P. Sr.'s parental rights were terminated under Iowa Code section 232.116(1)(b), (e), and (f). He claims the State failed to show by clear and convincing evidence the children could not be placed with him "within a reasonable period of time" under paragraph (f) and termination was not in the children's best interests.[2]

---

[2] W.P. Sr. also claims the juvenile court should have placed the children with his mother. As we affirm the termination of W.P. Sr.'s parental rights, we decline to address this argument. *See* Iowa Code § 232.2(57) ("'Termination of the parent-child relationship' means the divestment by the court of the parent's and child's privileges, duties, and powers with respect to each other."); *In re K.A.*, 516 N.W.2d 35, 38 (Iowa Ct. App. 1994) (holding a parent who had their parental rights terminated lacked standing to challenge placement).

"When the juvenile court terminates parental rights on more than one statutory ground, we need only find grounds to terminate under one of the sections cited by the juvenile court to affirm." *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). W.P. Sr. is currently incarcerated with a tentative discharge date of 2037. He has not seen the children since 2010 and had not had telephone contact with them for at least six months prior to the termination hearing. S.P. has no memory of her father; W.P. Jr.'s only memories involve instances of domestic violence between W.P. Sr. and the children's mother. Additionally, the last time the children saw W.P. Sr., a founded child abuse report followed. Based on the record before us, we agree with the juvenile court that the children cannot be returned to the care of W.P. Sr. as required by Iowa Code section 232.116(1)(f)(4).

In concluding the best interests of the children warranted termination, the juvenile court stated:

> In this case, the children are in foster care, and due to the age of the children, the length of time they have been in out-of-home placement, the conduct of [J.B.] and [W.P. Sr.] that resulted in them abandoning their respective children, the lack of progress the parents have made toward reunification, and the department's opinion that permanent adoptive homes can be found for the children it is clear termination and adoption are in the best interests of the children.

We agree. Accordingly, we affirm the termination of W.P. Sr.'s parental rights under Iowa code section 232.116(1)(f).

Because we agree the State proved the statutory grounds for termination and that termination of J.B.'s and W.P. Sr.'s respective parental rights to their children was in the children's best interests, we affirm.

**AFFIRMED ON BOTH APPEALS.**